

305 Broadway, 14th Floor
New York, NY 10007
Tel: (212) 323-6880
Fax: (212) 323-6881

Gabriel P. Harvis
gharvis@harvisandsaleem.com

Afsaan Saleem
asaleem@harvisandsaleem.com

December 9, 2010

**BY ECF**
Honorable Brian M. Cogan
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>Albert Majors v. City of New York, et. al.</u>, 10 CV 4730 (BMC)

Your Honor:

      I represent the plaintiff in the above-referenced civil rights action.  Pursuant to the Court's Order dated October 20, 2010, and in anticipation of the initial conference scheduled for December 14, 2010 at 2:15 p.m., the parties respectfully submit this joint letter to provide the Court with the parties' brief descriptions of the case, including the factual, jurisdictional, and legal basis for the claims and defenses.

**Brief Description of the Case by Plaintiff**

      Plaintiff Albert Majors is a resident of Brooklyn, New York who has no criminal record.  At approximately 1:30 a.m. on June 19, 2010, Mr. Majors was visiting a friend on the third floor of 248 Sutter Avenue in the Brownsville section of Brooklyn.  Mr. Majors stepped out of his friend's apartment and onto the third floor landing of the building's stairwell to make a telephone call.  Mr. Majors could hear the sounds of individuals with whom he was not acquainted playing some kind of dice game on the fourth floor landing above him.  While Mr. Majors was on the telephone, defendant Police Officer Robert Pumilia and an unidentified officer entered the stairwell yelling "police, police."  The individuals on the fourth floor fled.  Mr. Majors was leaving the stairwell when one of the officers said to him, in sum and substance, "where are you going, big guy?"

      Mr. Majors explained to the officers that he had merely stepped out to make a call, that he was a guest in the building and that he was not involved in the dice game.  Mr. Majors pleaded with the officers to confirm with his friend that he was a lawful visitor but the officers refused and falsely arrested him for trespassing.  After being transported to a police precinct, plaintiff was detained for approximately three to four hours before being issued a Desk Appearance Ticket.  On August 2, 2010, the criminal charges were adjourned in contemplation of dismissal.

**Brief Description of the Case by Defendants**

The law firm of Sokoloff Stern LLP very recently took over the defense of this case as *pro bono* counsel to the City of New York. The firm is still investigating the incident; as of this writing, the firm has not yet had an opportunity to meet with defendant Officer Robert Pumilia and has not received the relevant documents from the NYPD and other sources. Additionally, the City has not yet determined whether it will represent Officer Pumilia in this action. Counsel does, however, anticipate having more information by the time counsel appears before the Court for the December 14, 2010 conference, and, in any event, will have these issues resolved by the January 5, 2011 deadline to answer.

**Contemplated Motions**

Plaintiff does not contemplate any dispositive motion at this time.

Defendant City of New York anticipates a motion for summary judgment as to plaintiff's 42 U.S.C. §1983 claim against the City. See Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658 (1978). Defendant City of New York does not anticipate that plaintiffs can adduce the necessary proof of a custom, policy or practice that caused a violation of his constitutional rights, and therefore defendant contemplates a motion for summary judgment should plaintiff proceed with his §1983 claim against the municipal defendant. Defendant may move for summary judgment on other claims depending upon the evidence developed in discovery.

**Damages**

Plaintiff seeks compensatory and punitive damages in an amount to be determined by a jury, along with reasonable attorneys' fees and costs.

Defendant City of New York is awaiting the NYPD files, and files from various other entities before it can properly assess defendant's alleged damages in this case.

Thank you for your consideration.

Respectfully submitted,

/s/

Afsaan Saleem

cc: Leo Dorfman, Esq.
      A.C.C. Sumit Sud, Esq.