# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ALBERT MAJORS IV,

                Plaintiff,

-against-

CITY OF NEW YORK, ROBERT PUMILIA SHIELD NO. 10574, BRIAN RODER, SHIELD NO. 27358, and JOHN and JANE DOE 2 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.

**AMENDED COMPLAINT**

Jury Trial Demanded

10 CV 4730 (BMC)

------------------------------------------------------------------ x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Albert Majors IV, an African-American male, is a resident of the State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Robert Pumilia ("Pumilia"), shield number 10574, at all times relevant herein, was an officer, employee and agent of the NYPD. Pumilia is sued in his individual and official capacities.

9. Defendant Police Officer Brian Roder ("Roder"), shield number 27358, at all times relevant herein, was an officer, employee and agent of the NYPD. Roder is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 2 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 2 through 10.

11. At all times relevant herein, defendants Pumilia, Roder, John and Jane Doe 2 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 2 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. In the early morning hours of June 19, 2010, plaintiff was lawfully present inside of 284 Sutter Avenue, Brooklyn, NY, a New York City Housing Authority building.

14. At the time, plaintiff was visiting a friend.

15. Plaintiff stepped out of his friend's apartment to make a call to his girlfriend in the stairwell of the building.

16. Officers approached plaintiff and accused him of playing dice.

17. Plaintiff explained to the officers that he had not been playing dice and informed the officers of his lawful purpose inside the building.

18. The officers took no steps to verify that plaintiff was lawfully visiting his friend.

19. Instead, the officers unlawfully arrested plaintiff and charged him with trespass.

20. Plaintiff was transported to PSA-2 in handcuffs.

21. After several hours in custody at the precinct plaintiff was given a desk appearance ticket and released.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
(42 U.S.C. § 1983)

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to Constitution of the United States.

## SECOND CLAIM
(FALSE ARREST)

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth Amendment because they arrested plaintiff without probable cause.

## THIRD CLAIM
## (FAILURE TO INTERVENE)

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

29. Accordingly, the defendants who failed to intervene violated the Fourth Amendment.

## FOURTH CLAIM
## (*MONELL*)

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

32. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

5

33. The City, through its police department, trains its officers to illegally arrest NYCHA tenants and their guests on fabricated trespass charges and is indifferent to the consequences.

34. By virtue of numerous lawsuits brought challenging the legality of this conduct, the City is aware and has had ample notice that this practice leads to constitutional violations.

35. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

36. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

37. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: January 14, 2011
New York, New York

                HARVIS & SALEEM LLP

                _____
                Afsaan Saleem
                305 Broadway, 14th Floor
                New York, New York 10007
                (212) 323-6880
                asaleem@harvisandsaleem.com

                *Attorney for plaintiff*