# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALBERT MAJORS IV,

                Plaintiff,

        -against-

CITY OF NEW YORK, ROBERT PUMILIA SHIELD NO. 10574, BRIAN RODER, SHIELD NO. 27358, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.
------------------------------------------------------------------X

Docket No.: 10-CV-4730
         (BMC)

**ANSWER TO AMENDED COMPLAINT BY DEFENDANTS CITY OF NEW YORK AND ROBERT PUMILIA**

      Defendants City of New York and Officer Robert Pumilia, by and through its attorneys, SOKOLOFF STERN LLP, answer the complaint as follows:

      1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as set forth therein.

      2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as set forth therein.

      3.    Deny the allegation set forth in paragraph "3" of the complaint, except admit that plaintiff purports to assert jurisdiction as set forth therein.

      4.    Deny the allegation set forth in paragraph "4" of the complaint, except admit that plaintiff purports that venue is proper.

      5.    Paragraph "5" of the complaint contains a demand for a jury trial to which no response is required.

      6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation that maintains a police department and respectfully refers the Court to the New York City Charter and the Administrative Code.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff purports to sue Officer Pumilia as set forth herein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to sue Officer Roder as set forth herein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint and refers all questions of law to the Court for adjudication.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff was arrested and charged with trespass.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff was released with a desk appearance ticket.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Defendant repeats, reiterates and realleges the responses set forth in paragraphs "1" through "22" of this answer as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Defendant repeats, reiterates and realleges the responses set forth in paragraphs "1" through "24" of this answer as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Defendant repeats, reiterates and realleges the responses set forth in paragraphs "1" through "26" of this answer as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Defendant repeats, reiterates and realleges the responses set forth in paragraphs "1" through "29" of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

38. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

39. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

40. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

41. There was probable cause for the plaintiffs' arrests, detentions and/or prosecutions.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

42. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

43. Plaintiff failed to mitigate his alleged damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

44. The individually-named defendants are entitled to qualified immunity.

**WHEREFORE,** defendants City of New York and Officer Robert Pumilia request judgment dismissing the complaint, as against them, with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: January 30, 2011
       Westbury, New York

                                       **SOKOLOFF STERN LLP**
                                       *Attorneys for Defendant*
                                       CITY OF NEW YORK,

By: _/s/ Leo Dorfman_____
       LEO DORFMAN
       355 Post Avenue, Suite 201
       Westbury, New York 11590
       (516) 334-4500
       Our File No. 100094

TO:  Afsaan Saleem, Esq.
      Harvis & Saleem LLP
      305 Broadway, 14th Floor
      New York, NY 10007