UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALBERT MAJORS IV,

                                            Plaintiff,    **DEFENDANTS' MOTIONS
IN LIMINE**

               -against-

                                                        10 CV 4730 (BMC)

THE CITY OF NEW YORK, ROBERT PUMILIA,
SHIELD #10574, BRIAN RODER, SHIELD #27385, and
JOHN and JANE DOES 2 though 10, individually and in
their official capacities (the names John and Jane Doe
being fictitious, as the true names are presently unknown,

                                            Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

Plaintiff Albert Majors IV brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging a deprivation of his federal constitutional rights.  Specifically, plaintiff alleges that he was false arrested by defendants and additionally that defendants failed to intervene to prevent said Constitutional violation.

As in initial matter, as the Court is aware, on April 22, 2011, the Court held a conference where the Court ruled on several of the parties motions in *limine* from the bench after hearing oral arguments from the parties. The Court, however, also ordered that certain remaining motions be briefed by the parties. (See, Transcript of Oral Argument, dated April 22, 2011, attached to the Declaration of Sumit Sud, Dated May 6, 2011, (hereinafter Sud Decl.) as Exhibit "A").  Accordingly, defendants respectfully submit this memorandum of law in support of the remaining motions for *in limine* relief. First, defendants should be permitted to question plaintiff regarding his marijuana use as it bears upon plaintiff's perception and memory of the events at

issue, and is also relevant to his purported damages. Second, defendants should be permitted to question plaintiff about prior and subsequent arrests because it is also relevant to damages.

## ARGUMENT

### POINT I

**PLAINTIFF'S MARIJUANA USE IS RELEVANT AND ADMISSIBLE.**

**A.  Defendants should be permitted to question plaintiff regarding his marijuana use on June 19, 2010, as it bears heavily on perception and memory of the events.**

Defendants should be permitted to question plaintiff with respect to his marijuana use on the night of June 19, 2010. Indeed, evidence that a witness was intoxicated or otherwise impaired during the events about which the witness will testify bears heavily on that witness's credibility. Specifically, such evidence is relevant to the witness's memory and perception of the incident. See Mingues v. Bezio, No. 96 Civ. 5396 (JSR) (HBP), 1999 U.S. Dist. LEXIS 12976, at *2 (S.D.N.Y. May 19, 1999) (finding that evidence of defendant's drug use may be relevant to credibility, specifically, the defendant's ability to perceive the events at issue.); Furlong v. Circle Line Statue of Liberty Ferry, 902 F. Supp. 65, 69 (S.D.N.Y. 1995) (finding evidence of a witness's drug use is relevant to credibility, "since it can affect memory and perception."); see also Jarrett v. United States, 822 F.2d 1438, 1445 (7th Cir. 1987) ("A witness' use of drugs is only relevant as to the ability of the witness to perceive the underlying events and testify lucidly at trial."); United States v. Ramirez, 871 F.2d 582, 584 (6th Cir. 1989) (drug use or addiction is appropriate subject for impeachment on cross-examination); United States v. Cameron, 814 F.2d 403, 405 (7th Cir. 1986) (evidence of drug use admissible to impeach if memory or mental capacity of witness is legitimately at issue); United States v. Hickey, 596 F.2d 1082, 1090 (1st Cir. 1979) (witness can be asked about drug use that may have affected his or her perception of

events as long as the drug use occurred within a reasonable time of the events surrounding the trial).

Here, plaintiff's credibility is critical for the jury's determination of his claim. It is undisputed that, within hours of his arrest on June 19, 2010, plaintiff smoked marijuana. Indeed, at his deposition, plaintiff testified that, while at his house the preceding day, he smoked marijuana twice. (See Excerpts from Plaintiff's Deposition, annexed to the Sud Decl. as Ex. "B," at 107:16-19, 108:3-4.) Specifically, plaintiff smoked two (2) marijuana "blunts" – a marijuana cigarette wrapped in cigar wrapping – each containing .4 grams of marijuana. (Ex. "B" at 107:25-108:2, 5-6; 109:12-15.) Plaintiff smoked the first blunt after he woke up, at around noon, on June 18, 2010. (Ex. "B" at 109:16-19.) Plaintiff smoked the second blunt between 3:00 p.m. and 4:00 p.m. that afternoon. (Ex. "B" at 109:20-21.) After leaving his house, plaintiff smoked marijuana yet again. While at his friend Kye's apartment, plaintiff smoked another blunt containing .4 grams of marijuana. (Ex. "B" at 113:14-16, 21-23.) This occurred between 8:30 p.m. and 9:30 p.m. (Ex. "B" at 113:21-23.) Since these events occurred within hours of plaintiff's arrest, plaintiff's perception of the events could have been altered during plaintiff's arrest and subsequent detention.

Moreover, the fact that plaintiff was under the influence during his arrest may have affected his memory of the incident, and might affect his ability to recall and relate the events surrounding his arrest and detention. See United States v. Di Paolo, 804 F.2d 225, 229 (2d Cir. 1986) (recognizing that it is "within the proper scope of cross-examination to determine whether a witness was under the influence of drugs or narcotics or alcohol at the time of observation of events in dispute"). Indeed, plaintiff is the only witness who can testify to his version of the events in the third floor hallway of 284 Sutter Avenue prior to his arrest. As such,

the success of his claims rests primarily on his own testimony, the credibility of which the jury must assess. Defendants therefore respectfully submit that cross-examining plaintiff about his drug use on the same day of the incident and within hours of his arrest is crucial to their assessment of plaintiff's overall credibility and will also allow the jury to properly assess plaintiff's ability to recollect the events as they actually occurred.

**B.     Defendants should be permitted to question plaintiff about his prevalent marijuana use, as it relates to his ability to recollect and relate and is relevant to damages.**

Defendants also respectfully submit that they should be permitted to question plaintiff about his habitual marijuana use.  As previously mentioned, plaintiff's credibility is paramount to the jury's determination of his claim.   At his deposition, plaintiff explained that he smokes marijuana often.  Indeed, plaintiff explained that he smokes marijuana on a regular basis.  (Ex. "B" at 69:5-7.)  According to plaintiff, he smokes marijuana more than four (4) days each week. (Ex. "B" at 69:11-13.)  Thus, plaintiff's regular marijuana use may have an affect on his ability to correctly remember the underlying incident.  See Cameron, 814 F.2d at 405; Jarrett, 822 F.2d at 1445; Ramirez, 871 F.2d at 584; Hickey, 596 F.2d at 1090 (1st Cir. 1979).

Moreover, plaintiff's marijuana abuse is also relevant to his claim of damages.  In Lewis v. District of Columbia, 793 F.2d 361, 363 (D.C. Cir. 1986), plaintiff brought an action for damages based on the alleged excessive force used by police officers in the course of an arrest. The trial court admitted evidence of plaintiff's history of drug use.  On appeal, the court upheld the lower court's ruling, opining:

> Lewis' past use of drugs suggests that some of the suffering and nightmares he experienced following the shooting may have been proximately caused by drug withdrawal and not the shooting; the jury therefore would be aided by this evidence in measuring fairly the extent of damages.

Here, as in Lewis, while the evidence of plaintiff's drug use is not admissible to prove his bad character or to show that he acted in conformity therewith (and defendants do intend to use any such evidence for this improper purpose), it is however admissible, under FED. R. EVID. 404(b), for purposes of assessing what damages, if any, may have been proximately caused by defendants.  See also Dillon v. Nissan Motor Co., 986 F.2d 263 (8th Cir. 1993) (upholding district court's ruling admitting evidence of plaintiff's drug use, in the context of a personal injury action, for the not-for-character purpose of providing an alternative explanation for emotional turmoil).  Defendants seek to introduce evidence of plaintiff's substance abuse because it goes to plaintiff's ability to perceive and recall events, bears on his cognitive abilities and is relevant to his claims damages.  Defendants should therefore be permitted to cross examine plaintiff with respect to his history of substance abuse.

## POINT II

**DEFENDANTS SHOULD BE PERMITTED TO QUESTION PLAINTIFF ABOUT HIS PRIOR AND SUBSEQUENT ARRESTS BECAUSE IT IS RELEVANT TO DAMAGES.[1]**

Plaintiff's prior and subsequent arrests and convictions are pertinent to plaintiff's claims for damages.  Plaintiff is claiming emotional injuries in connection with his arrest on June 19, 2010.  (See Ex. "B", at 198:19-21; Second Am. Compl., annexed to the Sud Decl. as Ex. "C" at ¶ 23 ("Plaintiff suffered . . . emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, damage to his reputation.")  Yet, the fact that plaintiff has been arrested prior to and

---

[1] At the oral argument before the Court on April 22, 2011, defendants argued that plaintiff's subsequent arrest was relevant to plaintiff's claim for lost wages.  The Court denied defendants' motion.  Here, defendants submit that plaintiff subsequent arrest should be admitted on an additional ground not put forward at the conference: its relevance to plaintiff's damages claim stemming from this arrest.  Therefore, defendants respectfully request that the Court consider this additional argument for admission of evidence pertaining plaintiff's subsequent arrest on January 11, 2011.

subsequent to the incident in question is relevant to causation, as it goes to the heart of plaintiff's allegation that any purported emotional and mental distress was caused solely by the June 19, 2010 incident.

Evidence of plaintiff's prior and subsequent arrests and interactions with police is relevant in order to show that his damages, including any and all claims for mental anguish, fear and/or emotional injuries, were mitigated or controverted by his previous or subsequent encounters with police. See, e.g. Stephen v. Hanley, 03 Civ. 6226 (KAM)(LB), 2009 U.S. Dist. LEXIS 43334, *27 (E.D.N.Y. May 21, 2009); ("Defendants offer the youthful adjudication evidence to dispute causation and damages. The court finds that this is a proper purpose, unrelated to [plaintiff's] character."); Wilson v. City of New York, 06 Civ. 229 (ARR) (VVP), 2006 U.S. Dist. LEXIS 90050, *1-2 (E.D.N.Y. Dec. 13, 2006) ("Since the plaintiff seeks damages for emotional distress arising from his arrest and detention, his prior experiences involving arrest and detention, including those which ended favorably and whose records are therefore sealed, may be relevant to the damages determination the jury will be asked to make at trial. Clearly, it could be credibly argued that one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained."). At his deposition, plaintiff all but conceded the materiality of these arrests when he explained that his feelings of harassment which purportedly stem from this arrest also stem from his other arrests. (Ex. "B" at 199:11-13 ("Q: Was it just this arrest that gave you that feeling, or was it your other two arrests as well? A. It's every -- every last one of them.")

For these reasons, defendants respectfully submits that plaintiff's arrest history is admissible.

## **CONCLUSION**

For the reasons set forth above, defendants respectfully submit that their motions *in limine* should be granted in their entirety.

Dated:      New York, New York
            May 6, 2011

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                                City of New York
                            Attorney for Defendants
                            100 Church Street, Rm. 3-221
                            New York, New York 10007
                            (212) 788-1096

By:      _____/s/_____
        SUMIT SUD
        PHILIP R. DePAUL
        Assistant Corporation Counsels